Nena DOMINICK, Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary, Health and Human Services, Defendant–Appellee.

No. 88–4324

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1988.

---

Laurel G. Weir, Thomas L. Booker, Philadelphia, Miss., for plaintiff-appellant.

L.A. Smith, III, Asst. U.S. Atty., George Phillips, U.S. Atty., Jackson, Miss., Donna J. Fuchsluger, Atty., Baltimore, Md., for defendant-appellee.

Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Nena Dominick appeals the district court's affirmance of the Secretary's denial of her social security benefits. Finding that the Secretary applied the correct legal standards and that there was substantial evidence to support his decision, we affirm.

I

Because decisions in this case have been rendered by an administrative law judge ("ALJ"), the Appeals Council, a United States magistrate, and the district court, all of which were in agreement, and which we

now affirm, we need not dwell long on the specifics in this case, but will merely summarize the issues and our finding.

Nena Dominick has suffered from numerous illnesses and other medical problems over the years. In particular, she was diagnosed as having a carcinoid liver syndrome in 1969. She received social security benefits until October 1982, when her medical examinations indicated that, although she still had the disease, it no longer manifested symptoms, and she was capable of performing light work. On December 12, 1985, she filed another application for benefits, claiming disability as a result of the carcinoid syndrome, severe asthma, and a hiatal hernia. After a hearing, an ALJ found that she was not disabled and denied her benefits. The Secretary adopted the ALJ's decision and Dominick sought review before the district court, which remanded the case for reconsideration in the light of *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985). The Appeals Council remanded the case to an ALJ in February 1986 for proceedings consistent with the district court's order.

The ALJ rendered his opinion in September 1986, and found that the plaintiff retained residual functional capacity to perform a full range of light work and was not disabled. The Appeals Council modified the ALJ's decision, affirming his finding that Dominick was not disabled, and adding that Dominick's evidence of a mental impairment showed it was first diagnosed in 1986, and did not support a finding that she had suffered from such mental impairment before 1984. In order to receive benefits, Dominick had to prove that her disability existed prior to December 31, 1984, her last quarter of eligibility. The Appeals Council also corrected the ALJ's finding that Dominick suffered from an impairment of fatigue, noting that fatigue was a symptom rather than an impairment.

Dominick again appealed this decision to the district court, which, following the magistrate's recommendation supporting the Secretary's decision, affirmed. The magistrate found that there was substantial evidence to support the Secretary's de-termination that Dominick was not disabled during the period before December 31, 1984, and also found that the Secretary applied proper legal standards in evaluating the evidence. The district court accepted the magistrate's recommendation and also explained that Dominick had not been, as she claimed, entitled to another hearing before the ALJ, particularly since she had neither requested one nor responded to the ALJ's letter prior to his second decision, in which he asked Dominick's counsel to advise him if he had "any additional medical evidence or anticipate[d] any additional medical [or] any other evidence he [might] wish to submit." The district court also noted that Dominick had requested a remand in order to submit newly obtained medical evidence since the last ruling by the Secretary, but that all of that evidence related to her present condition rather than her condition preceding the December 31, 1984, last eligibility date.

Dominick appeals to this court.

## II

■ Dominick asserts for the first time to this court that the Secretary incorrectly found that her insured status expired at the end of 1984. As she has not exhausted her administrative remedies concerning this question, we have no jurisdiction to review it. 42 U.S.C. § 405(g). Similarly, Dominick has also failed to exhaust her remedies with regard to her claims for supplemental security income (SSI) or medicaid, and consequently they are not properly before us for review.

■ We agree with the district court's finding that Dominick is not entitled to another hearing. It is clear that the remand of the case by the first district court required only a new evaluation of the case in the light of a new legal standard; it did not require another hearing. Dominick did not request another hearing and did not respond with additional evidence when asked to do so by the ALJ. She cannot now claim, having received an unfavorable decision from the ALJ, that she is entitled to a hearing simply because she failed to respond when requested.

The ALJ was justified in disregarding Dominick's claims of pain and other nonexertional symptoms, because the record supports his finding that there was no objective medical evidence of a condition that could reasonably be expected to produce the level of pain or other symptoms alleged. 42 U.S.C. § 423(d)(5)(A); *Owens v. Heckler,* 770 F.2d 1276, 1281 (5th Cir. 1985). The ALJ was also entitled to use the Medical–Vocational Guidelines since he made a determination supported by the record that Dominick's nonexertional impairments did not significantly affect her residual functional capacity. *Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir.1987).

Dominick's numerous medical reports during the relevant period, that is, 1982 to 1984, provide the substantial evidence that the Secretary needs to refuse benefits in demonstrating that she was not disabled during that time. The ALJ and the Appeals Council were justified in disregarding the 1986 diagnosis of depression and other mental disorders since that cast no light on her condition during the relevant period, and since the medical records from that period did not indicate any such problems.

### III

For the foregoing reasons and the reasons in the district court's opinion, the magistrate's recommendations and the administrative opinions, the judgment of the district court is

AFFIRMED.