United States Court of Appeals,

Fifth Circuit.

No. 93-3621

Summary Calendar.

Ethel PAUL, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant-Appellee.

Aug. 18, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Ethel Paul was denied disability and Supplemental Security Income ("SSI") benefits by the Secretary, Department of Health and Human Services. Concluding that the district court correctly awarded summary judgment in favor of the Secretary, we affirm.

I.

Paul applied for disability and SSI benefits on January 6, 1990, alleging disability because of back injury, diabetes, and hypertension. The Secretary denied her application initially and then again upon reconsideration.

At Paul's request, the claim was heard before an administrative law judge ("ALJ") on December 21, 1990. Paul's personal physician, Michael Hunter, attested to Paul's physical disabilities. In response, the Secretary presented a vocational expert, who opined that Paul had sufficient residual functional

1

capacity to perform certain work, and Donald Faust, an orthopedic surgeon, who examined Paul and testified that her disabilities were less pronounced than had been alleged. The ALJ concluded that Paul's disabilities were insufficient to meet the SSA requirements and thus denied her relief.

The Appeals Council rejected Paul's request for review. Pursuant to 42 U.S.C. § 405(g), Paul appealed to the district court, which adopted the magistrate judge's recommendation and dismissed Paul's complaint.

## II.

Paul raises two issues on appeal. First, she contends that the ALJ failed to comply with 20 C.F.R. § 404.1512(e)(1), which she reads to require that a claimant's treating physician be given an opportunity to supplement his initial report with more detailed information, should the ALJ find the information to be inadequate. Paul alleges, and the Secretary acknowledges, that despite the ALJ's finding that Hunter's medical conclusions were unsubstantiated by supporting clinical data, Hunter was never solicited by the ALJ to present additional information. Rather, the ALJ merely substituted Faust's medical opinions for Hunter's. Paul also asserts, as error, the ALJ's decision to give more weight to Faust's testimony, alleging that the opinion of Hunter, as treating physician, should be accorded more deference.

## III.

Our review of the Secretary's final decision is limited to two inquiries: (1) whether substantial evidence of record supports

2

the Secretary's decision; and (2) whether the decision comports with relevant legal standards. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir.1991) (per curiam); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir.1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse,* 925 F.2d at 789. If supported by substantial evidence, the decision of the Secretary is conclusive and must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971).

IV.

A.

This court has jurisdiction to review the Secretary's final decision only where a claimant has exhausted her administrative remedies. *Muse,* 925 F.2d at 791; *Dominick v. Bowen,* 861 F.2d 1330, 1332 (5th Cir.1988). Paul's failure to raise her § 404.1512(e)(1) claim in the Appeals Council, *see* 20 C.F.R. § 404.900(b), deprives us of jurisdiction to review the claim. As such, we dismiss Paul's first issue on appeal for want of jurisdiction.

Paul's arguments to the contrary are inapposite. First, the new claim that the ALJ failed to comply with § 404.1512(e)(1) is not an expansion of the general rationale proffered in support of the appeal. Prior to raising the treating physician supplementation argument in the district court, Paul centered her appeal to the Appeals Council on the allegedly disproportionate

3

weight ascribed to the consulting physician's opinion and on the alleged misapplication of Social Security Ruling 88-13. These foci are distinct from Paul's additional contention that Hunter should have been contacted to supplement his original testimony.

The two "assignment[s] of errors" that Paul presented to the Appeals Council were "[w]hether the [ALJ] erred in discounting the findings and opinions of the treating physicians" and "[w]hether the [ALJ] erred in failing to properly apply Social Security Rule 88-13." The closest Paul comes to a § 404.1512(e)(1) issue in her Appeals Council brief is the statement that "[f]or the [ALJ] to assume that Dr. Hunter did not have the totality of the records in his possession is an unsubstantiated assumption." This assertion falls well short of an argument that § 404.1512(e)(1) (which Paul did not cite) requires that the doctor be recontacted.

Second, the caselaw supports our decision to dismiss for want of jurisdiction. We disagree with Paul that the situation in this case is markedly different from those in *Dominick* and *Muse.* The plaintiff in *Dominick* asserted, for the first time on appeal to the circuit court, an error in the determination of her insured status, *id.* at 1332, while the *Muse* plaintiff similarly failed to challenge the alleged bias of the ALJ in front of the Appeals Council. *Id.* at 791. Paul, similarly, did not raise the treating physician claim at the Appeals Council; the issue surfaced for the first time in the district court.

Furthermore, while equitable grounds may support this court's decision to consider issues not previously presented, *In re*

*Corrugated Container Antitrust Litig.*, 647 F.2d 460, 461 (5th Cir. Unit A May 1981) (per curiam) ("This rule, however, is not inflexible and it gives way when necessary to prevent a miscarriage of justice."), we refuse to do so here. Paul's reliance upon *Thorton v. Schweiker,* 663 F.2d 1312 (5th Cir. Dec. 1981), in which we considered evidence that had not been presented at previous SSA hearings, is unfounded. In *Thorton* the plaintiff had requested assistance from the SSA in obtaining certain medical records that she wished to present at her hearing. Despite having given repeated assurances that the records would be obtained, the SSA never did so, and the records never appeared in evidence before the ALJ. In light of the plaintiff's reasonable reliance upon SSA's representations and in order to prevent a miscarriage of justice, we remanded for further review. *Id.* at 1316.

In contrast, Paul's failure to raise her claim during the administrative process was her own doing; she neither requested help nor relied upon the Secretary's representations of such help. Therefore, in light of Paul's failure to exhaust her administrative remedies, we dismiss the § 404.1512(e)(1) claim for want of jurisdiction.

### B.

We also reject Paul's second issue on appeal. "Although we review the entire record, we may not re-weigh the evidence or substitute our judgment for the Secretary's." *Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir.1988) (per curiam). Typically the opinion of the treating physician is entitled to great weight. The ALJ may

diminish its weight relative to other experts, however, where the treating physician's evidence is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or where otherwise unsupported by the evidence. *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir.1985). The opinion of a specialist generally is accorded greater weight than that of a non-specialist. *Dorsey v. Heckler,* 702 F.2d 597, 603 (5th Cir.1983).

We are unable to say that the ALJ erred in deciding as to the credibility of competing witnesses. The ALJ supported his decision to rely more heavily upon Faust's testimony in part because of inconsistencies in Hunter's testimony, insufficient laboratory work submitted in support of Hunter's testimony, and Faust's qualifications as an orthopedic expert. Faust expressly stated that Paul's injuries were less severe than alleged and that she was capable of performing specific employment functions. The ALJ's decision reflects careful consideration of the evidence presented, and we may not substitute our judgment for the Secretary's. We therefore conclude that, under the appropriate standard of review, substantial evidence supports the ALJ's decision to weigh Faust's testimony more heavily and to find that Paul was capable of performing certain work.

V.

For the foregoing reasons, we reject Paul's arguments on appeal and AFFIRM the judgment of the district court.