IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-31301
Summary Calendar
_____

ELAINE M. WILSON, on behalf of
Candace L. Wilson,

                                        Plaintiff-Appellant,


versus

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CV-2174
- - - - - - - - - -
June 25, 1996
Before WIENER, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

     Elaine M. Wilson ("Elaine") appeals the grant of summary

judgment for the Commissioner of Social Security in Wilson's case

for judicial review of the Commissioner's denial of supplemental

security income (SSI) benefits to Wilson on behalf of Wilson's

daughter, Candace Wilson ("Candace").  Elaine contends that the

administrative law judge (ALJ) failed to consider Candace's

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

impairments in combination, failed to consider Candace's posttraumatic-stress disorder and adjustment disorder with mixed features, and failed to apply the correct non-severity standard; that Candace's oppositional defiant disorder was severe and significantly limited her ability to function; that the ALJ erred by finding that Candace's oppositional defiant disorder was not disabling because it was in remission; that the ALJ erred by requiring her to show a "marked impairment"; that the district court erred by failing to require the ALJ to apply regulations requiring consideration of concurrent impairments; and that this court should remand her case solely for a calculation of benefits.

In administrative proceedings, Elaine exhausted only her claims that Candace's impairments, when combined, satisfied the requirements for a finding of disability.  We lack jurisdiction to consider Elaine's other contentions. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).  Regarding Elaine's contention that Candace's impairments satisfied the requirements for a finding of disability, we have reviewed the record and the briefs of the parties and we find no reversible error.  Accordingly, we affirm for essentially the reasons relied on by the district court. *See Wilson v. Chater*, No. 94-CV-2174 (W.D. La. Oct. 25, 1995).

AFFIRMED.