**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50360
Summary Calendar

THRESSA A. TERRY,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas

(USDC No. A-95-CV-287)

January 9, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM[*]:

Thressa A. Terry appeals the district court's judgment affirming the Social Security Commissioner's denial of supplemental security benefits and disability insurance benefits to Terry. Terry argues that the Administrative Law Judge (ALJ) erred in his determination that she was not disabled because she was able to perform the duties of her past relevant work as a gift shop manager and cashier. She contends that the ALJ failed to consider all of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her impairments and relied on the medical opinion of one doctor to the exclusion of all others. After thoroughly reviewing the record, we find that Terry's assertions lack merit and that the ALJ's findings are supported by substantial evidence.

Terry argues that the district court erred in failing to remand to the Commissioner for consideration of a report by psychologist George Parker, Ph.D., who opined that Terry was unable to perform any substantial gainful activity because of her physical impairments, pain, and depression. The district court did not err because Terry failed to show good cause for her failure to submit the evidence earlier. See 42 U.S.C. § 405(g); Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

Terry also argues that she was disabled due to her age and because she could no longer perform the math skills required of a cashier. Terry failed to raise these issues in her appeal to the Appeals Council. This court has jurisdiction to review the Commissioner's final decision only when a claimant has exhausted her administrative remedies. Paul v. Shalala, 29 F.3d 208, 210 (5th. Cir. 1994). Terry's failure to raise these issues before the Appeals Council deprives this court of jurisdiction to review them. See id. These claims are dismissed for want of jurisdiction

AFFIRMED IN PART; DISMISSED IN PART.