**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-50307**
**Summary Calendar**
_____

**JILL A. NIERA,**

                                        **Plaintiff-Appellant,**

                    **versus**

**KENNETH S. APFEL, Commissioner of Social Security,**

                                        **Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(USDC No. SA-96-CV-422)**

January 16, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Jill Niera appeals the district court's affirmance of the Social Security Commissioner's denial of disability insurance benefits and supplemental security benefits.

    Niera applied for such benefits on the basis that she became disabled following an injury sustained in an accident. The application was denied initially and upon reconsideration. She requested, and received, a hearing before an Administrative Law

---

    * Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judge, who determined that she was not disabled. Review of that decision was refused by the Appeals Council.

Niera then filed this action in district court. The case was referred to a magistrate judge, who recommended that the Commissioner's decision be affirmed. Subsequently, the district court overruled objections filed by Niera to the recommendation. Adopting the magistrate judge's findings and recommendation, it affirmed the Commissioner's decision.

Niera contends that (1) the ALJ did not use correct legal standards in evaluating the evidence; (2) the ALJ's decision is not supported by substantial evidence; (3) the ALJ failed to fully develop the record by not ordering another evaluation of Niera's condition; and (4) the ALJ posed an incomplete hypothetical question to the vocational expert such that the witness' testimony was not credible.

Needless to say, our review of the Commissioner's final decision is limited to whether there is substantial evidence in the record to support the decision; and whether it comports with relevant legal standards. *E.g., **Martinez v. Chater***, 64 F.3d 172, 173 (5th Cir. 1995). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." ***Leggett v. Chater***, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner's findings are conclusive and

must be affirmed when they are supported by substantial evidence. *Martinez*, 64 F.3d at 173.

Moreover, we have jurisdiction to review the Commissioner's final decision only when the claimant has exhausted administrative remedies. E.g., *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994). An issue has not been administratively exhausted unless it has been specifically presented to the Appeals Council. *Id.* Niera contends that the ALJ's determination that her impairment or combination of impairments did not match or equal a listed impairment was not supported by substantial evidence. Because Niera failed to administratively exhaust this issue, we lack jurisdiction to address it.

As for the remaining contentions raised by Niera, the district court's decision is affirmed for the reasons stated by the district court. *See* *Neira v. Chater*, SA-96-CA-0422 (W.D. Tex. Jan. 31, 1997).

*AFFIRMED*