IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11130
Summary Calendar

_____

MANUEL V. PEREZ,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-108C
- - - - - - - - - -

July 7, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Manuel Perez appeals the district court's judgment for the Commissioner in his action pursuant to 42 U.S.C. § 405(g) for review of the Administrative Law Judge's ("ALJ") decision denying his request for Disability Insurance Benefits and Supplemental Security Income. We review the Commissioner's decision to determine whether the decision is supported by substantial evidence in the record and whether the Commissioner applied the proper legal standards in evaluating the evidence. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perez contends that the ALJ failed to consider portions of Dr. W. Joe Bray's post-hearing consultative report dealing with Perez's impaired ability to reach, push, or pull.  It is, however, unclear what weight Dr. Bray attached to these limitations.  Nowhere does his report state that Perez's ability to perform light work was compromised by these limitations, and the report contains no objective evidence indicating that these limitations were severe.  Furthermore, as the ALJ noted, Perez's subjective complaints of pain were not consistent with the objective medical evidence.  Finally, no physician pronounced Perez disabled or unable to perform light work activity.  Substantial evidence supports the ALJ's determination that Perez was not disabled, and no reversible error has been shown.

Perez also complains that the ALJ's questions to the vocational expert at the hearing did not include any reference to the above limitations, and the ALJ failed to submit any supplemental questions to the vocational expert after receiving Dr. Bray's post-hearing report.  Because Perez has not exhausted his administrative remedies with respect to this claim, this court lacks jurisdiction to review it. See Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994).

AFFIRMED.