**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-40570
_____

MICHAEL DAVIS,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-103
_____

November 8, 1999

Before DAVIS, JONES and MAGILL[1], Circuit Judges.

PER CURIAM:[**]

Michael Davis filed suit against Kenneth Apfel, Commissioner of Social Security, in response to the ruling of an administrative law judge (ALJ) denying Davis supplemental security income benefits (SSI).  The magistrate judge affirmed the ruling of the ALJ, and Davis appealed to the district court.  The district judge affirmed the ruling of the magistrate judge, and Davis now appeals. We affirm.

Davis first contends that the ALJ (and the reviewing federal

---

[1] Circuit Judge of the Eighth Circuit, sitting by designation.

[**]Pursuant to 5th CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

courts) erred in denying him SSI benefits based on musculoskeletal impairments, neurological impairments, and mental impairments. This Court's review of such a contention is limited to two issues: (1) did the Commissioner apply the proper legal standards, and (2) is the Commissioner's decision supported by substantial evidence on the record as a whole.[1] Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla of evidence, but may be less than a preponderance.[2]

The ALJ properly followed the five-step analysis outlined in the federal regulations.[3] At issue in this appeal is whether substantial evidence supports the ALJ's finding that Davis's impairment did not meet or equal an impairment enumerated in the social security regulations. With regard to Davis's claim of musculoskeletal impairment, he has produced no evidence of muscle spasm or significant limitation of motion in the spine as required by the federal regulations.[4] Thus, Davis has failed to meet all of the specified medical criteria, as required by law.[5]

With regard to Davis's claim of neurological impairment, he has similarly failed to produce evidence that the condition was brought about by vascular accident or that he has disorganization of motor function in more than one extremity. This failure of

---

[1] Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).

[2] Richardson v. Perales, 402 U.S. 389, 401 (1971).

[3] See 20 C.F.R. §§ 416.920 (b)-(f).

[4] See 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.00B and 1.05C.

[5] Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

proof by Davis is sufficient to support the ALJ's finding that Davis was not entitled to SSI benefits because of neurological impairment.

As to mental impairment, Davis contends that he suffers from major depression. Viewing the record as a whole, there is substantial evidence to support the ALJ's finding that Davis did not meet the necessary minimum of four specified characteristics of that syndrome.

Davis additionally contends that the ALJ submitted an improper hypothetical question to the vocational expert called to testify in the case, and the ALJ improperly omitted documents from the administrative record. Davis did not raise either of these issues before the Appeals Council. As Davis has failed to exhaust his administrative remedies, this Court is not possessed of jurisdiction to hear his appeal on those issues.[6]

On the basis of the foregoing, the judgment of the district court is AFFIRMED.

---

[6]Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994).