IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10735
Summary Calendar

_____

VIRGINIA M. MURRAY,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-495-Y
--------------------
February 29, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Virginia M. Murray appeals the Commissioner's denial of her application for Supplemental Security Income. The district court affirmed the Commissioner's denial.

Murray argues that the Commissioner committed several legal errors in his denial of her application. Two of these arguments, that the Commissioner should have recontacted her treating psychiatrist and that he should have held a supplemental hearing,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were not raised during Murray's administrative appeal to the Appeals Council. Accordingly, we DISMISS these two issues for want of jurisdiction. Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994).

Murray argues that the Commissioner erred by failing to give controlling weight to the opinion of her treating psychiatrist. There is little discrepancy between the psychiatrist's opinion and the findings made by the Commissioner. However, to the extent that there is a discrepancy, we note that the Commissioner is not required to give controlling weight to a treating physician's opinion when it is inconsistent with other substantial evidence in the record. See, e.g., Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995).

Murray argues that the Commissioner improperly failed to refer to the medical opinion of a consulting physician. We will not require the Commissioner to discuss every medical opinion in the record, especially when the opinion is duplicative of the opinion of the claimant's treating physician. See Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994).

Murray argues that the Commissioner erred in finding that her testimony of disabling pain was not credible. The Commissioner may properly reject a claimant's assertion of disabling pain, and we owe considerable deference to the Commissioner's findings on this issue. Rodriquez v. Bowen, 857 F.2d 275, 278 (5th Cir. 1988). On this record, we will not disturb the Commissioner's findings.

Murray argues that there was not substantial evidence in the record to support the Commissioner's findings that (i) she could perform a limited range of sedentary work and (ii) there were jobs in the national economy that she could perform.  Having reviewed the record, we hold that the record contains substantial evidence in support of the Commissioner's findings.  See Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992).

DISMISSED IN PART; AFFIRMED IN PART.