IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50949
(Summary Calendar)
_____

BARBARA LANDFRIED,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(98-CV-729-SS)
--------------------
May 24, 2000

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Barbara Lynn Landfried has appealed the
magistrate judge's judgment affirming the Commissioner's decision
denying her applications for disability insurance benefits and
Supplemental Security Income ("SSI").  In reviewing such denials,
we must determine whether substantial record evidence supports the
Commissioner and whether the proper legal standards were used in
evaluating the evidence.  Villa v. Sullivan, 895 F.2d 1019, 1021
(5th Cir. 1990).  Substantial evidence is more than a scintilla,
but less than a preponderance; it is such relevant evidence as a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable mind might accept as adequate to support a conclusion. Id. at 1021-22. In applying this standard, we may not reweigh the evidence or try the issues de novo but must review the entire record to determine whether substantial evidence exists to support the Commissioner's findings. Id. at 1022.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Commissioner determined that, although Landfried was unable to perform her past relevant work as a medical assistant and child-care worker, she could perform other work. See Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991) (explaining sequential analysis); 20 C.F.R. §§ 404.1520, 416.920. Two administrative hearings were held. After the first, the administrative law judge ("ALJ") determined that Landfried was capable of sedentary work. That decision was vacated by the Appeals Council and the case was remanded to a different ALJ for consideration of evidence related to a recommended surgical procedure and to determine the extent of Landfried's limitations related to her psychological depression. The second ALJ determined that Landfried was capable of a modified range of light work. For the first time, Landfried argues in this appeal that the Appeals Council's remand was limited to consideration of evidence related to the surgery and to consideration of her psychological

2

limitations. Landfried argues that the second ALJ was bound by the first ALJ's finding that Landfried was limited to sedentary work and that the second ALJ exceeded the scope of the remand in determining that Landfried could perform a modified range of light work.

The regulations governing the administrative and judicial review process for Social Security determinations are contained in 20 C.F.R. §§ 404.900 and 416.1400. Those regulations require a Social Security claimant to exhaust administrative remedies before the claimant may seek judicial review in federal court. § 404.900(a) & (b); § 416.1400(a) & (b). The administrative exhaustion requirement is jurisdictional. Paul v. Shalala, 29 F.3d 208, 210-11 (5th Cir. 1994); Muse v. Sullivan, 925 F.2d 785, 791 (5th Cir. 1987); Harper v. Bowen, 813 F.2d 737, 739, 743 (5th Cir. 1987). If the claimant fails to raise a particular issue in the Appeals Council, the federal courts do not have jurisdiction to review the claim. Paul, 29 F.3d at 210.

We may review the decision if the "claim of error is 'an expansion of the general rationale proffered in support of the appeal' to the Appeals Council." McQueen v. Apfel, 168 F.3d 152, 155 (5th Cir. 1999) (quoting Paul, 29 F.3d at 210). We may waive the exhaustion requirement if the claim at issue is a constitutional challenge collateral to a substantive claim of entitlement to benefits. Bowen v. City of New York, 476 U.S. 467, 83-85 (1986). Neither of these circumstances are present in the instant case. Even if we were to assume that a constitutional

3

argument is raised, we could not consider it: Issues raised for the first time in this court in a Social Security case are not considered. See Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987); James v. Bowen, 793 F.2d 702, 704 (5th Cir. 1986).

Landfried argues that the discrepancy between the two ALJ decisions with respect to her residual functional capacity shows that the Commissioner's determination that she was capable of performing a limited range of light work is not supported by substantial evidence. This argument is without merit. A finding that Landfried has the residual functional capacity for sedentary work is not tantamount to a finding that Landfried does not have the residual functional capacity for a modified range of light work. See Houston v. Sullivan, 895 F.2d 1012, 1015-16 (5th Cir. 1989).

Landfried contends that the Commissioner erred in finding that her psychological impairment was not severe and constituted only a minimal limitation on her ability to perform work activities. Landfried argues that the ALJ's finding is "contrary to the great weight of the evidence," but she misstates the standard. Again, we must affirm the Commissioner's finding when it is supported by substantial evidence. See Villa, 895 F.2d at 1021.

"An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985)

4

(internal quotation marks and brackets omitted).  In determining that Landfried's mental condition was not severe, the ALJ applied the Stone standard.  The ALJ noted the "absence of evidence of sustained treatment for depression or that depression has interfered with activities of daily living, social functioning, or mental functioning for sustained periods."  Landfried made only two visits to a therapist for psychological reasons, and the consultative examiner concluded that Landfried's work capacity would be limited only during stressful periods.  The Commissioner's finding that Landfried's depression was not severe is supported by substantial evidence.

Landfried also contends that the ALJ should have obtained the testimony of a mental health expert.  As this issue was not presented to the Appeals Council, it has not been exhausted so we have no jurisdiction to consider it.  See Paul, 29 F.3d at 210-11.  Moreover, Landfried does not state what additional information would have been gleaned from such testimony.  See Kane v. Heckler, 731 F.2d 1216, 1220 (1984).

Landfried asserts additionally that the ALJ's finding that she is capable of a modified range of light work is not supported by an explicit evaluation linking the finding with objective evidence.  "Light work" is defined as requiring the ability to lift no more than 20 pounds and up to 10 pounds frequently."  20 C.F.R. §§ 416.967(b) & 404.1567(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the

time with some pushing and pulling of arm or leg controls." §§ 404.1567(b); 416.967(b).

The ALJ found that Landfried's combination of impairments, at all times relevant to her decision:

> allowed lifting up to 20 pounds occasionally and intermittently; lifting up to ten pounds frequently; pushing and pulling weights commensurate with lifting; standing/walking two of eight work day hours; sitting six of eight work day hours; occasional and intermittent ramp and stair climbing; occasional and intermittent bending, stooping, kneeling, and crouching; and no climbing ladders, ropes or scaffolds.

Landfried's non-severe mental depression limited her to work that did not require more than a "good" ability or "satisfactory" ability to deal with work stresses and to behave in an emotionally stable manner. Based on these findings, the ALJ determined that Landfried had a residual functional capacity for a modified range of light work. The reports of Drs. Dorsen, Ross, Cain, and Taylor provide ample support for this conclusion.

Landfried argues that the Commissioner failed to consider adequately her subjective complaints of pain and depression. "[P]ain may constitute a non-exertional impairment that limits the range of jobs a claimant otherwise would be able to perform." Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). As pain alone can be disabling, the ALJ must give consideration to the claimant's subjective complaints of pain; and the ALJ has a duty to make affirmative findings regarding the credibility of the claimant's assertions regarding pain. See Scharlow v. Schweiker, 655 F.2d 645, 648-49 (5th Cir. 1981) (reversing decision of Commissioner because ALJ failed to rule on credibility of claimant's subjective

6

complaints of pain).  The Commissioner has discretion to determine the disabling nature of the claimant's pain.  Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991).  Pain constitutes a disabling condition only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment."  Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994) (internal quotation marks omitted).  "There must be clinical or laboratory diagnostic techniques which show the existence of a medical impairment which could reasonably be expected to produce the pain alleged."  Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990).

Because the medical records did not substantiate Landfried's subjective complaints, the ALJ was required to evaluate the intensity, persistence, and limiting effects of Landfried's symptoms to determine whether and how much Landfried's symptoms limited her ability to work.  SSR 96-7p, 1996 WL 374186, *1.  This inquiry requires a determination whether Landfried's subjective complaints were credible.  Id.

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, 1996 WL 374186, *1.

The ALJ's determinations of the weight and credibility of the evidence "are entitled [to] considerable deference."  Jones v. Bowen, 829 F.2d 524, 527 (5th Cir. 1987).  "While it is clear that the ALJ must consider subjective evidence of pain, it is within his

7

discretion to determine its debilitating nature." Id. (citations omitted).

In considering the extent to which Landfried's subjective symptoms of chronic back pain, stress, anxiety, and memory problems reduced Landfried's residual functional capacity, the ALJ concluded:

> While some of the symptoms reported reasonably derive from medically determinable impairments evidenced in the record, the intensity, duration, and functional limitations alleged by the claimant are not fully credible and are not supported in the clinical records, evidence of daily functioning, and evidence of symptom management without prescribed medications.

In reaching this conclusion, the ALJ summarized the clinical findings of Drs. Dorsen, Ross, Cain, and Taylor, with respect to Landfried's back condition, and the clinical findings of Dr. Hamilton, with respect to Landfried's depression. The ALJ expressly discredited the opinion of Dr. Kyte that Landfried's condition appeared to satisfy the criteria of § 1.05C of the Listing of Impairments. The ALJ also considered Landfried's testimony about the extent of her pain and limitations on her daily activities caused by pain and depression. The ALJ made express findings about the credibility of Landfried's subjective complaints. Those findings were based on a review of the medical records and Landfried's own testimony. The ALJ thus complied with SSR 96-7p.

Landfried also asserts that the hypothetical question posed to the vocational expert did not include all of her limitations, specifically those related to depression, anxiety, and chronic

pain. Accordingly, Landfried argues, the Commissioner has not proved that there are jobs in the national economy that Landfried is able to perform. In response to the ALJ's second hypothetical example, stating exertional limitations that were relatively more restrictive than Landfried's limitations, the vocational expert stated that such a person would be able to pursue work as a cashier, information clerk, and clerical worker. The ALJ further limited this example to reflect that the hypothetical worker had a "good ability to deal with work stresses and behave in an emotionally stable manner," with "good defined as limited but satisfactory." The vocational expert stated that such a person would still be able to perform the three jobs listed. As was previously noted, the ALJ's characterization of Landfried's pain and depression as nondisabling is supported by substantial evidence. Landfried's argument presupposes that those findings are not supported by substantial evidence.

As the Commissioner's decision denying Landfried's claim for disability benefits is supported by substantial evidence and no violations of procedures or methodology are present, the magistrate judge's judgment affirming the Commissioner's decision is AFFIRMED.

9