IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41193
Summary Calendar
_____


ROGERS LEE JACKSON,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
- - - - - - - - - -

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

November 21, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:

    In Jackson v. Apfel, 120 S. Ct. 2657 (2000), the Supreme
Court granted Rogers Lee Jackson's petition for a writ of
certiorari, vacated the judgment, and remanded the case to this
court for further consideration in light of its decision in Sims
v. Apfel, 120 S. Ct. 2080 (2000), which rejected the view that a
social security claimant must exhaust issues in a request for
review by the Appeals Council in order to preserve judicial
review of those issues.  Jackson appeals from a judgment
affirming the decision of the Commissioner of Social Security
denying his claim for disability insurance benefits, 42 U.S.C. §

405(g).  He contends that the Commissioner failed to apply the correct legal standards and that his decision was not supported by substantial evidence.  We have reviewed the record and the briefs of the parties, and we conclude that the district court was without jurisdiction to entertain Jackson's claim of hearing loss because he did not raise the issue before the Administrative Law Judge (ALJ), thus failing to exhaust his administrative remedies.  See Dominick v. Bowen, 861 F.2d 1330, 1332 (5th Cir. 1988).

In this appeal, Jackson does not argue whether substantial evidence supports the Commissioner's decision vis-a-vis his claims of right-eye blindness and a foot injury.  Accordingly, Jackson abandons these issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Jackson's challenges the adequacy of the ALJ's notice to Jackson of his rights to representation and to review the evidence to be utilized in deciding his disability claim are refuted by the record.  Nor does the hearing transcript support his challenge to the adequacy of the de novo administrative hearing before the ALJ.  See Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991) (hearing held adequate where ALJ reminded claimant that he could be represented by counsel and questioned claimant extensively about his condition, treatment which he had received, medication he was taking, as well as his daily routines, and how his illness had affected them).

AFFIRMED.