# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30816
Summary Calendar

SALVADOR GONZALEZ HERNANDEZ,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
USDC No. 2:06-CV-01143

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Salvador Gonzalez Hernandez applied for disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act (the "Act").[1]  After the Commissioner of Social Security ("Commissioner") denied Hernandez's applications, the district court found the final administrative decision was supported by substantial evidence and

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this order should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

[1] See 42 U.S.C. §§ 423, 1382c(a)(3).

dismissed Hernandez's case with prejudice. For the reasons discussed below, we AFFIRM.

## I. Factual and Procedural History

On February 18, 2004, Hernandez filed applications for disability insurance benefits and supplemental security income payments due to a ruptured disc in his back. After the Commissioner denied the applications, an administrative law judge ("ALJ") held a hearing on July 13, 2005, pursuant to Hernandez's request.

Hernandez and a vocational expert ("VE") appeared and testified. Hernandez, who was represented by counsel, answered questions regarding his formal education, his lack of vocational or miliary training, and his previous jobs as a sandblaster and a deck hand and their corresponding physical requirements. He also discussed his daily routine and activities as well as his lower back pain and related work limitations.

The VE testified regarding the level and skill of Hernandez's past work experiences and stated that they all involved non-transferable skills. In addition, the VE answered several hypothetical questions from the ALJ. The first hypothetical involved an individual with the same age, educational background, and past work experience as Hernandez with the residual functional capacity ("RFC") for light work. Specifically, the individual could lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk with normal breaks for six hours of an eight-hour day; sit with normal breaks for six hours of an eight-hour day; and do unlimited pushing and pulling. The second hypothetical involved an individual with the same limitations as the first, but who was also limited to only occasional climbing, kneeling, crouching, and crawling; to only frequent balancing; and to avoiding exposure to all heights. The VE testified that both hypothetical individuals could not perform Hernandez's past relevant work, but that they could perform jobs existing in significant numbers in the national economy such as a food preparation person,

a parking lot attendant, and a packer or packager.

As required by 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v), the ALJ applied a five-step, sequential evaluation process to determine whether Hernandez was disabled. In so doing, he considered the medical evidence, the VE's testimony, the opinions of the treating physicians, the findings of a consultative examiner, the opinion of a non-examining medical consultant, and Hernandez's testimony, activity level, and treatment history. At the first step, the ALJ found that Hernandez had not engaged in substantial gainful activity since his alleged onset date of February 14, 2003. At the second step, the ALJ found that Hernandez's degenerative changes in the lumbar spine constituted a severe impairment. At the third step, the ALJ found that Hernandez's impairment failed to meet or equal a listed impairment for presumptive disability under Social Security Agency regulations.

The ALJ then found that Hernandez had the RFC to perform a full range of light work activity, which includes sitting, standing, and/or walking up to six hours of an eight-hour day; unlimited pushing and/or pulling; occasional climbing, kneeling, and crouching; and frequent crawling and balancing. Based on this RFC, the ALJ found at step four that Hernandez could not perform any of his past relevant work. And at step five, crediting the VE's testimony, the ALJ determined that Hernandez could perform other work activity existing in sufficient numbers in the national economy. Accordingly, the ALJ denied Hernandez's applications for disability insurance benefits and supplemental security income payments.

Thereafter, on March 15, 2006, Hernandez filed his complaint with the district court seeking review of the final decision pursuant to 42 U.S.C. § 405(g). A magistrate judge recommended that the final administrative decision be affirmed, and the district court adopted the recommendation and dismissed Hernandez's complaint with prejudice on August 22, 2007. Hernandez filed a timely notice of appeal.

## II. Discussion

Hernandez alleges three points of error in the district court's determination that substantial evidence supports the final administrative decision that he was not disabled within the meaning of the Act: first, the Commissioner's finding that Hernandez can perform light work lacks substantial evidence; second, the Commissioner failed to fully and fairly develop the record regarding Hernandez's literacy; and third, the Commissioner failed to establish the existence of other work in the national economy that Hernandez can perform, given Hernandez's age, education, and past work experience.

### A. Standard of Review

Our review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence supports the decision; and (2) whether the decision comports with relevant legal standards. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). "The Court of Appeals cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992); see also Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994). Accordingly, a finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (internal quotation marks and citation omitted).

### B. Burden of Proof

To determine whether Hernandez qualified as "disabled" under 42 U.S.C. § 423(d)(1)(A), the Commissioner utilized a sequential, five-part evaluation

process.[2] Hernandez carried the burden of proof under the first four parts of the inquiry. Leggett, 67 F.3d at 564. The burden of proof then shifted to the Commissioner at the fifth step to establish the existence of other available substantial gainful employment that Hernandez could perform. Fraga v. Bowen, 810 F.2d 1296, 1301-02 (5th Cir. 1987). Once the Commissioner identified suitable alternative employment, the burden of proof shifted back to Hernandez to prove that he could not perform the alternative work identified. Id. at 1302. Throughout the process, however, the ultimate burden of establishing disability remained with Hernandez. Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983).

C. Light Work Activity

Hernandez first argues that there is a lack of substantial evidence to support the conclusion that he can perform light work activity, which includes sitting, standing, and/or walking up to six hours of an eight-hour day; unlimited pushing and/or pulling; occasional climbing, kneeling, and crouching; and frequent crawling and balancing. Specifically, he contends that the ALJ failed to make any findings regarding Hernandez's "ability to lift, bend and stoop," and that the RFC is inconsistent with the consultative examiner's functional capacity opinion, which summarized Hernandez's permanent restrictions as follows: "This patient should consider lite [sic] levels of employment. He has 15 pound lifting restrictions recommended. He should not do activities of repetitive stooping, squatting, twisting, kneeling, and climbing."

Contrary to Hernandez's argument, however, the ALJ never found that Hernandez could do "unlimited" kneeling. Rather, the ALJ stated that Hernandez could do "occasional" kneeling, and this finding is fully consistent with the consultative examiner's recommendation against "repetitive" kneeling.

---

[2] The steps include: (1) whether the claimant is presently performing substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals a listed impairment, (4) whether the impairment prevents the claimant from doing past relevant work, and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

Moreover, although Hernandez accurately notes a discrepancy between the consultative examiner's recommended 15-pound lifting restriction and the Social Security regulations—wherein the definition of "light work" requires lifting up to 20 pounds—the ALJ only assigned "more weight" to the consultative examiner's opinion after reviewing the entire record of medical evidence and the opinions of Hernandez's treating physicians. The ALJ observed that one of these physicians had previously released Hernandez "back to light duty status," and that another had given Hernandez a RFC for "work activity which allowed for the lifting/carrying of objects weighing 50 pounds." Given that it is the responsibility of the ALJ, not the court, to resolve conflicts in the evidence, Martinez v. Chater, 64 F.3d 172, 174 (5th Cir. 1995), we find that substantial evidence supports the RFC finding.

D. Duty to Fully and Fairly Develop the Record

Next, Hernandez claims that the Commissioner failed to fully and fairly develop the record regarding Hernandez's literacy, arguing that "[t]he ALJ's cumulative failures to make and/or document the relevant inquiries regarding [Hernandez's] language abilities deprives his finding on this matter of substantial supporting evidence."

To determine whether the ALJ fully and fairly developed the record, we ask whether the record contained sufficient evidence for him to make an informed decision. See Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996). So long as such evidence exists, the ALJ need not have supplemented the record with additional evidence. See 20 C.F.R. §§ 404.1516, 416.916; Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989).

Here, there was sufficient evidence in the record for the ALJ to make his determination regarding Hernandez's literacy and ability to communicate in English. First, the ALJ heard Hernandez's testimony regarding Hernandez's formal education, vocational training, military service, math ability, ability to read and write in English, and ability to make change at the store, and followed

up on this testimony by asking Hernandez about Hernandez's ability to read the newspaper and whether Hernandez had a valid driver's license. Second, Hernandez stated in the disability reports that he can speak English and read and write "a little" English, and also reported that he can follow spoken or written instructions. Finally, although Hernandez contends that he was initially unable to respond to several questions at the hearing, the transcript indicates that he could readily understand and answer those questions once they were rephrased.

E. Alternative Employment

Hernandez last argues that the Commissioner failed to establish the existence of other work in the national economy that Hernandez can perform, given Hernandez's age, education, and past work experience. Specifically, Hernandez claims that the hypothetical questions upon which the VE relied were deficient because they failed to take into account limitations on bending and stooping, including restricted lifting abilities, and because they failed to "assume [Hernandez] was illiterate."

Our case law, however, provides that an ALJ need only incorporate into such hypothetical questions those claimed disabilities "supported by the evidence and recognized by the ALJ." Masterson v. Barnhart, 309 F.3d 267, 273 (5th Cir. 2002). The ALJ was thus entitled to rely upon a hypothetical question that included a RFC with only those limitations he found credible and supported by the record. At the same time, because the record supports the ALJ's evaluation of the evidence pertaining to Hernandez's literacy and ability to communicate in English, no conflict exists between the VE's testimony regarding the potential alternative jobs the hypothetical claimant could perform and the language development levels of those positions as defined in the Dictionary of Occupational Titles.

## III. Conclusion

Accordingly, finding that substantial evidence supports the final administrative decision to deny Hernandez's applications for disability insurance benefits and supplemental security income payments, we AFFIRM.