**1222**

Ethel L. RIDGELY, Administratrix of the
Estate of Susanna Hape, Appellee,

v.

SECRETARY OF the DEPARTMENT OF
HEALTH, EDUCATION & WELFARE
OF the UNITED STATES of America,
Appellant.

No. 72-2181.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1973.

Decided April 3, 1973.

Robert E. Kopp, Atty. U. S. Department of Justice (Harlington Wood, Jr., Asst. Atty. Gen., George Beall, U. S. Atty., Walter H. Fleischer and Stanton R. Koppel, Attys., U. S. Department of Justice, on brief), for appellant.

Robert Barker Harrison, III, Baltimore, Md. (George W. White, Jr., and Buckmaster, White, Mindel & Clarke, Baltimore, Md., on brief), for appellee.

Before CRAVEN, FIELD and WIDENER, Circuit Judges.

FIELD, Circuit Judge:

The Secretary of Health, Education and Welfare appeals from an order of the district court which ruled that Mrs. Ethel L. Ridgely, Administratrix of her mother's estate, was entitled to judicial review of a decision of the Social Security Administration Appeals Council and, additionally, held that the hearing examiner's findings were not supported by substantial evidence.[1]

The decedent, Mrs. Hape, was hospitalized for treatment of a broken hip at Baltimore County General Hospital from

---

1. Ridgely v. Secretary of Dept. of Health, Ed. & Welf., 345 F.Supp. 983 (D.Md.1972).

March 15, 1970, until April 1, 1970. On April 1 she was transferred to Foxleigh Nursing Center, an extended care facility, where she remained until September 17, 1970, when she was returned to the hospital and died a few days later. The Social Security Administration granted coverage through June 10, 1970, but denied payment for the remaining twenty-nine days to July 9, 1970.[2]

Mrs. Ridgely sought $497.20 in hospital insurance benefits under the Medicare program which was disallowed by the hearing examiner upon a determination that the treatment afforded Mrs. Hape was not skilled nursing care but only custodial in nature, which is excluded from coverage.[3] The Appeals Council affirmed the hearing examiner's opinion which became the final decision of the Secretary.

Mrs. Ridgely filed a complaint in the district court seeking judicial review of the adverse administrative decision under 42 U.S.C. § 1395ff(b). The Secretary moved the court to dismiss the case upon the ground that judicial review under the Act is limited to cases in which the amount in controversy exceeds $1,000. Despite the deficiency in the jurisdictional amount, the district court concluded that judicial review was appropriate under the alternative jurisdictional provision of "entitlement" to benefits.

As of the date of this controversy Section 1395ff(b) provided:

"Any individual dissatisfied with any determination under subsection (a) of this section as to entitlement under part A or part B, or as to amount of benefits under part A where the matter in controversy is $100 or more, shall be entitled to a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title, and, *in the case of a determination as to entitlement or as to amount of benefits where the amount in controversy is $1,000 or more, to judicial review of the Secretary's final decision* after such hearing as is provided in section 405(g) of this title." (Emphasis supplied.)

■ The district court conceived the issue to be whether Mrs. Ridgely was entitled to the benefits rather than a dispute as to amount, and noted that the hearing examiner had also framed the issue in terms of entitlement and not a question of the amount which might be due. The district court relied on Cardno v. Finch, 311 F.Supp. 251 (E.D.La. 1970), which in a case quite similar to this concluded that judicial review was available based on the "entitlement" provision of Section 1395ff(b). We agree with the district court and the opinion in *Cardno* that the reasonable construction of the statutory language limits the amount in controversy requirement only to judicial review of determinations as to the amount of benefits, and that determinations as to *entitlement* to benefits are properly subject to judicial review regardless of the amount.

Counsel for the Secretary has pointed out to us that the language of Section 1395ff(b) was changed by the Social Security Amendments of 1972,[4] under which the term "entitlement" was eliminated and judicial review limited to the question of eligibility to receive benefits or cases where the amount in controversy was $1,000 or more. The purpose of the amendment as stated in the Senate floor debate was to clarify the original intent of the law that "entitlement" was intended to mean eligibility for any benefits of medicare but not to decisions on

2. 42 U.S.C. § 1395d(a)(2) provides for payments for extended care services up to 100 days during any "spell of illness."

3. Custodial care is excluded from coverage under 42 U.S.C. § 1395y(a)(9), but the term is not defined in the Act. Sowell v. Richardson, 319 F.Supp. 689 (D.S.C.

1970) interpreted custodial care as any treatment which need not be provided in an institutional setting by trained and skilled professional personnel.

4. Act of Oct. 30, 1972, Pub.L.No.92–603, Title II § 2990(a), 86 Stat. 1464.

a claim for payment for a given service. 118 Cong.Rec. 17048, 17049 (Oct. 5, 1972). Counsel suggests that this amendment and its legislative history confirms the Secretary's position in the present controversy. It may well be that the amendment was designed to eliminate ambiguity in the statute as originally enacted, but in our opinion under the statutory language prior to the 1972 amendment judicial review of Mrs. Ridgely's claim was appropriate.

■ With respect to the merits, the district court properly recognized that it could not try the case *de novo* and that its function was to apply the substantial evidence test to the Secretary's findings.[5]

A careful review of the record by the district court disclosed that the Secretary's determination that Mrs. Hape needed only care of a custodial nature was based solely on the records of the extended care facility, and the district judge found that the hearing examiner had been unduly selective in his reliance upon only those portions of the facility's records dealing with treatment of Mrs. Hape and disregarded other portions which indicated that her condition was such that more than custodial care was required.

In reaching this conclusion the district court held that the examiner should have considered every aspect of Mrs. Hape's physical condition in making the determination rather than relying upon the treatments immediately required as the determinative factor. The court found support for this rationale in Sowell v. Richardson, 319 F.Supp. 689 (D.S.C.1970), where it was held that even if no treatment was required the condition of the patient might be so unstable or unsatisfactory as to require the extended services covered by the Medicare program. This determinative approach of *Sowell* has been followed in Reading v. Richardson, 339 F.Supp. 295 (E.D.Mo.

1972) and Brewerton v. Finch, 320 F. Supp. 68 (N.D.Miss.1970).

The district court further found that the hearing examiner attached little or no significance to the opinion of Dr. Greenstein, the doctor who sent Mrs. Hape to the extended care facility following her treatment in the hospital. In the course of this controversy, Dr. Greenstein wrote a letter of clarification to the Secretary stating that Mrs. Hape "did require the supervision of professional nurses and that she did specifically require professional nursing care." The district court found nothing in the record to refute Dr. Greenstein's opinion and observed that it should have been accorded substantial weight in determining whether Mrs. Hape required skilled nursing care in accordance with Brewerton v. Finch, *supra*. In *Brewerton*, the court held that where there was no evidence to the contrary the opinion of the attending physician of the patient should be given great weight, and that where the hearing examiner had disregarded the physician's evaluation, the resultant decision by the Secretary was not supported by substantial evidence. The substantial weight to be accorded the opinion of the attending physician under such circumstances was also recognized in Reading v. Richardson, *supra*, where the court reviewed the legislative history of this phase of the Medicare program, particularly the report of the Senate Committee on Finance, 1965 U. S.Code Cong. and Adm.News, p. 1986, and stated "[t]he Committee thus made clear its intention that responsibility for determining whether a patient required skilled nursing care would rest primarily with the physician." 339 F.Supp. at 301. Finally, the district court found nothing in the record to indicate any justifiable basis for the decision to change Mrs. Hape's status from one which required skilled nursing care during the initial seventy-one days to mere

---

5. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Richardson v. Perales, 402 U.S. 389 at 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

custodial care during the last twenty-nine days of her period of coverage.

Upon consideration of the record, briefs and oral argument, we agree with the conclusion of the district judge that the Secretary's decision was not supported by substantial evidence.

Affirmed.