**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-20075**
_____

**CAMILLE MORRIS, The Estate,**

                                        **Plaintiff-Appellant,**

                          **versus**

**DONNA E. SHALALA, SECRETARY, DEPARTMENT OF HEALTH & HUMAN
SERVICES, of the United States,**

                                        **Defendant-Appellee.**
_____

Appeal from the United States District Court
for the Southern District of Texas
_____

March 22, 2000

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

At issue in this case is the government's liability for up to 30 days of skilled nursing services available under the Medicare program.[1]  See 42 U.S.C. §§ 1395d(a)(2)(A), 1395x(h); 42 C.F.R. § 409.20.  After considering the applicable standard of review for the decision of the Secretary of HHS, we conclude that the denial of additional benefits was supported by substantial evidence.  The judgment of the district court is affirmed.

The outcome of this case does not depend upon the standard employed by this court to review HHS's Medicare treatment

---

[1]     Appellant is the estate of the Medicare beneficiary Mrs. Camille Morris.  We refer to appellant as "Morris" for the sake of convenience.  Mrs. Morris was reimbursed for 70 of the 100 days maximum authorized by Medicare for post-hospital, extended care services.

decisions concerning individual patients.  Appellant disputes the standard, however, so we begin by articulating it.

As the Secretary contends, 42 U.S.C. § 1395ff(b) provides that any individual who is dissatisfied with the Secretary's decision regarding a claim to benefits is entitled to a hearing and to review of the final decision as provided in section § 405(g). 42 U.S.C. § 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action . . . .  Such action shall be brought in the district court of the United States . . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . . . <u>The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive</u> . . . . (emphasis added).

By its own terms, the Medicare Act seems to provide for a substantial evidence standard of review.  This is the view taken by the Second Circuit in a case on point.  <u>Hurley v. Bowen</u>, 857 F.2d 907, 912 (2d Cir. 1988); <u>see</u> <u>also</u> <u>Ridgely v. Secretary of Department of Health, Education & Welfare</u>, 475 F.2d 1222, 1224 (4th Cir. 1973) (noting that the district court properly applied the substantial evidence test to the Secretary's findings).

Further, in Social Security disability review cases, where § 405(g) governs the standard of review, <u>Frith v. Celebrezze</u>, 333 F.2d 557, 560 (5th Cir. 1964), the Fifth Circuit has held that appellate review is limited to two issues: (1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on

2

the record as a whole. <u>Paul v. Shalala</u>, 29 F.3d 208, 210 (5th Cir. 1994); <u>Anthony v. Sullivan</u>, 954 F.2d 289, 292 (5th Cir. 1992). Disability-benefits review cases seem indistinguishable from Medicare-benefits review cases, and since review in both derives from the same source, § 405(g), both should employ the same standard.

Notwithstanding these authorities, Morris contends that the standard of review is found in the Administrative Procedure Act ("APA"). But the estate cites <u>Hennepin County Medical Center v. Shalala</u>, 81 F.3d 743 (8th Cir. 1996), which did not arise from an individual's appeal of a Secretary's denial of benefits under 42 U.S.C. § 1395ff(b). <u>Hennepin</u> instead involved a provider's appeal under 42 U.S.C. § 1395oo(f)(1) for reimbursement of unrecovered expenses incurred by Medicare patients.[2] As § 1395oo(f)(1) does not incorporate § 405(g), <u>Hennepin</u> is inapposite. The § 405(g) standard controls.

This court may not overturn the Secretary's decision if it is supported by substantial evidence -- "more than a mere scintilla"[3] -- and correctly applies the law. <u>Anthony</u>, 954 F.2d at 292. Morris does not challenge any legal interpretation but only the Secretary's factual conclusion that she did not utilize or need skilled nursing care or physical therapy after May 31, 1994. We

---

[2]    A Fifth Circuit case also uses the APA standard of review in the Medicare provider context: <u>Harris County Hosp. District v. Shalala</u>, 64 F.3d 220 (5th Cir. 1995).

[3]    <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971). <u>Richardson</u> also defines the standard as requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Id</u>.

agree with the Second Circuit that coverage decisions "should be based upon a common sense, non-technical consideration of the patient's condition as a whole" and that the Act "is to be liberally construed in favor of the beneficiaries." Hurley, 857 F.2d at 912. Even so, Morris cannot prevail. Extensive evidence was admitted in the administrative hearing, including records from The Forum nursing home, where Mrs. Morris lived after leaving the hospital, testimony and records of her treating physician, and testimony of a physician retained by the Secretary. Based on this evidence, the Secretary could easily conclude that Mrs. Morris did not qualify for reimbursement of skilled nursing care or physical therapy under the regulations and that she was receiving and needed only custodial care at the Forum during the relevant period. The substantial evidence test is satisfied.

The judgment of the district court, which affirmed the denial of additional Medicare benefits, is **AFFIRMED**.