United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10505
Summary Calendar

ANNE JOSEPH,

        Plaintiff-Appellant,

    v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

        Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas, San Angelo Division
No. 06:04-CV-0065-C

Before DeMOSS, STEWART and PRADO, Circuit Judges.

Per Curiam:[*]

    Plaintiff-appellant Anne Joseph ("Joseph"), appearing pro
se, appeals from a district court's order and judgment in favor
of the Commissioner of Social Security's ("Commissioner")
decision granting Joseph a closed period of disability.  We
affirm the district court's order and judgment for the reasons
that follow.

_____

    [*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Anne Joseph filed an application for disability insurance benefits on April 11, 2001. In the application, Joseph alleged that she began having back, neck, and shoulder problems on October 12, 1999, following an automobile accident. Joseph further alleged that she had been unable to work since March 24, 2000, after a series of surgeries to address the accident-related injuries. Joseph's application for disability insurance benefits was denied initially and denied again upon reconsideration. Joseph then requested and was granted a hearing before an Administrative Law Judge ("ALJ").

On September 27, 2002, a hearing took place before an ALJ to adjudicate whether Joseph qualified for disability insurance benefits. At the hearing, Joseph testified and presented medical evidence. The ALJ, after considering the testimony and reviewing the extensive medical record, concluded that Joseph was indeed disabled beginning March 24, 2000, "due to symptoms commensurate with surgical recovery." However, the ALJ also found that subsequent to June 12, 2001, Joseph experienced a medical improvement related to her ability to work, and thus was no longer disabled. Therefore, the ALJ rendered a partially favorable decision to Joseph, granting a "closed period of disability" and conferring disability insurance benefits for the period commencing March 24, 2000, and ending June 12, 2001.

2

Joseph appealed the ALJ's decision to the Appeals Council, contending that her disability had not ended in June 2001 but rather was ongoing. The Appeals Council found no basis for modifying the decision. Following the decision by the Appeals Council, Joseph filed suit in district court. The district court, after referring the matter to a magistrate for recommendation, concluded that Joseph's complaint contained no merit. The district court dismissed the suit and granted judgment to the Commissioner. This appeal followed.

## II.  JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction over appeals from all final decisions of United States district courts.  28 U.S.C. § 1291. Appellate review of decisions by the Commissioner of Social Security is limited to two inquiries: (1) whether the proper legal standard was applied; and (2) whether substantial evidence supports the decision.  Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002) (citing Estate of Morris v. Shalala, 207 F.3d 744, 745 (5th Cir. 2000)).  Substantial evidence requires "more than a mere scintilla" of evidence.  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, (1938)).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  This court may not re-weigh the evidence in the record or substitute our judgment for that of the

3

Commissioner.  Harris v. Apfel, 209 F.3d 413, 417 (5th Cir. 2000).

### III.  DISCUSSION

Joseph raises a single point of error on appeal: that substantial evidence did not support the ALJ's finding of non-disability as of June 12, 2001.  Thus, we consider whether substantial evidence supports the conclusion that Joseph was no longer entitled to disability benefits on the termination date selected by the ALJ.  See Waters, 276 F.3d at 718 (approving appellate review of substantial evidence in Social Security disability cases).

### A.    Termination of Benefits Standards

When an ALJ grants disability insurance benefits to an applicant for a closed period of disability, two decision-making processes occur.  See Waters, 276 F.3d at 719 (describing the differences between a "typical disability case" and a "closed period case").  First, the ALJ finds the applicant disabled and grants benefits.  See id.  Second, the ALJ engages in the termination decision-making process to find that the disability ended at some date prior to the hearing.  Id.

Under this latter process, disability benefits may be terminated if there is substantial evidence demonstrating that:

(A) there has been any medical improvement in the individual's impairment or combination of impairments

4

(other than medical improvement which is not related to the individual's ability to work), and

(B) the individual is now able to engage in substantial gainful activity.

42 U.S.C. § 423(f)(1). The burden rests on the government "to show that the claimant's disability has ended as of the cessation date." Waters, 276 F.3d at 717. Consequently, benefits may be terminated if the Commissioner proves (1) that there has been a medical improvement related to the ability to work and (2) that the beneficiary can engage in substantial gainful activity. See 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(a).

The Social Security implementing regulations define a medical improvement as a "decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision" of disability. 20 C.F.R. § 404.1594(b)(1). The determination of "a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the] impairment(s)." Id. Additionally, a medical improvement is related to the ability to do work if the improvement creates an "increase in [the] functional capacity to do basic work activities." Id. § 404.1594(b)(3). Finally, this court defines substantial gainful activity as "work activity involving significant physical or mental abilities for pay or profit." Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). The ability

5

to engage in substantial gainful activity is determined through an "objective assessment of [the] functional capacity to do basic work activities" and a consideration of vocational factors. 20 C.F.R. § 404.1594(b)(5).

**B.    Substantial Evidence Supports a Finding of Medical Improvement Related to the Ability to do Work**

In the instant case, the ALJ found that Joseph experienced a medical improvement related to her ability to do work as of June 12, 2001. In particular, the ALJ found that the "medical record documents good recovery from surgery and improvement in both shoulder and neck symptoms, without evidence of neurological deficits." Additionally, the ALJ found that the medical record contained no objective evidence subsequent to June 12, 2001, substantiating "recurrent or worsening symptoms." The ALJ concluded that Joseph had regained the capacity to perform light work, subject to certain restrictions, as of the benefits termination date.

A review of the medical record reveals that the ALJ's assessment was apparently based on a surgery follow-up note dated June 12, 2001, written by Dr. Wilkinson, the physician who performed surgery on Joseph in March and June of 2000. In the note, Dr. Wilkinson states that Joseph is "doing well" and describes her range of movement as "surprisingly good." Dr. Wilkinson further explains that Joseph can engage in "almost normal activity." However, the note also cautions about

6

repetitive movements, especially with respect to lifting motions. From this follow-up note, the ALJ concluded that a medical improvement had occurred and that Joseph could return to work subject to the restrictions described by Dr. Wilkinson.

First, we agree with Joseph's contention that Dr. Wilkinson's use of the phrase "[i]n general she is doing well" does not constitute evidence of an improvement in symptoms or signs. This is because Dr. Wilkinson used identical or equivalent language in follow-up notes written during the period of disability identified by the ALJ. In fact, Dr. Wilkinson apparently began every follow-up note with a generic statement that Joseph was doing "well" or "better." In light of the fact that the same phrase appeared in the last follow-up note written during the period of disability, the language shows at best a continuation of the same signs or symptoms, not an improvement as required under the implementing regulations. See 20 C.F.R. § 404.1594(b)(1).

Other language appearing in the June 12, 2001 follow-up note, however, provides more than a scintilla of evidence in support of a medical improvement related to the ability to do work. As a whole, the follow-up note documents the considerable extent of recovery by Joseph and could reasonably be taken as evidence of a medical improvement. Dr. Wilkinson describes Joseph as having a "surprisingly good" range of movement and engaging in "almost normal activity." Such openly positive

7

language does not appear in prior follow-up notes written by Dr. Wilkinson and represents a departure from the more cautious statements in previous evaluations. A reasonable mind could accept the description of Joseph's range of motion and activity level as depicting improvements in the signs or symptoms associated with a surgical recovery. Moreover, Dr. Wilkinson's evaluation, especially of Joseph's ability to do near normal activity, could reasonably indicate an improvement in Joseph's capacity to perform light work. Therefore, we conclude that substantial evidence supports the finding that Joseph experienced a medical improvement related to her ability to work as of June 12, 2001.

Notwithstanding the follow-up note, Joseph contends that a prescription note written by Dr. Wilkinson directing Joseph to remain off work conclusively shows that she was still disabled. The prescription, also written on June 12, 2001, reads: "[c]ontinue off work status pending next appt. on 10-9-01 9am." First, as correctly noted by the Commissioner, this evidence was not before the ALJ at the time the ALJ rendered its decision. Nonetheless, even if the prescription note had been before the ALJ, under this court's precedent Dr. Wilkinson's opinion on Joseph's ability to work would not have been entitled to any special weight. See Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003); 20 C.F.R. § 404.1527(e)(3). A treating physician's medical opinion is entitled to special weight, but the

8

determination of any <u>legal</u> conclusions (such as the ability to work) are reserved to the Commissioner.  <u>Frank</u>, 326 F.3d at 620; 20 C.F.R. § 404.1527(e)(1).  The presence of this particular prescription note does not diminish the substantial evidence supporting a finding of non-disability, nor is this prescription note determinative in the ALJ's disability inquiry.

**C.    Substantial Evidence Supports a Finding of the Ability to Engage in Substantial Gainful Employment**

Finally, the ALJ found that Joseph could engage in substantial gainful employment because she could return to her past relevant work as a Chinese linguist.  <u>See</u> 20 C.F.R. § 404.1594(f)(7) ("[The Commissioner will] consider whether you can still do work you have done in the past.  If you can do such work, disability will be found to have ended.").  At the hearing before the ALJ, Joseph's employment record established that she had previously worked as a Chinese linguist. Joseph's linguistic work qualified as "past relevant work" under the applicable regulatory definition.  <u>See</u> 20 C.F.R. § 404.1560(b)(1).  A vocational expert testified that the restrictions recommended by Dr. Wilkinson did not preclude Joseph from working as a Chinese linguist.  Based on this testimony, the ALJ concluded that Joseph possessed sufficient residual functional capacity to undertake light or sedentary work, including past relevant work as a Chinese linguist.  We find no error in the ALJ's reasoning and agree that substantial evidence supports the finding that Joseph

could engage in substantial gainful employment as of June 12, 2001.

## IV. CONCLUSION

We hold that substantial evidence supports the ALJ's finding that Joseph was no longer disabled as of June 12, 2001. The district court's order and judgment are AFFIRMED.