**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60917
Summary Calendar

HOTEL REED NURSING CENTER,

Plaintiff-Petitioner,

versus

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant-Respondent,

Petition for Review of Final Agency Decision
of the Secretary, U.S. Department of Health and Human Services,
Departmental Appeals Board, Appellate Division
No. 2154

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hotel Reed Nursing Center ("Hotel Reed") was a nursing home providing care to Medicare patients. As a Medicare participant, it was required to follow

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certain regulations and was subject to the jurisdiction of the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services Division, which found that Hotel Reed was not complying with several of the Medicare regulations. It imposed a penalty of $4000 per day between February 11 and March 12, 2002, because the breach of requirements caused "immediate jeopardy" to patients, followed by a penalty of $250 per day for less dangerous violations from March 13 until April 16, 2002.

Hotel Reed appealed the decision at a hearing before an administrative law judge, who upheld the findings of noncompliance and immediate jeopardy but lowered the penalty amounts to $3050 per day for the first period and $200 per day for the second. Hotel Reed appealed to the Departmental Appeals Board, appellate division ("DAB"), which affirmed. The DAB rested its decision only on the violation of 42 C.F.R. § 483.25(h)(2), failing to provide adequate supervision of residents, and did not consider the other violations. Hotel Reed appeals the final agency decision as permitted by 42 C.F.R. § 498.90.

The agency's decision is based on findings of fact, which we review for substantial evidence. *See* 42 U.S.C. § 1320a-7a(e); *Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). There is substantial evidence in the record to show that Hotel Reed committed regulatory violations that caused immediate jeopardy during the period in question.

I.

Resident 10 was diagnosed with depression, psychosis, and paranoid schizophrenia. Her mental status was deteriorating. She had psychotic episodes, including one in which she believed she had witnessed a murder and could describe it in vivid detail. Despite this condition, Hotel Reed nurses and administrators allowed her to sign out of the facility and walk alone across a busy street, which had no traffic light, to a pier to smoke cigarettes. The pier jutted out 1700

feet over water deep enough for fishing and did not have railings in some places. The DAB concluded that allowing a person in Resident 10's mental state to walk alone in this kind of area violated the requirement in § 483.25(h)(2) that "[t]he facility must ensure that . . . [e]ach resident receives adequate supervision and assistance devices to prevent accidents." The available evidence is quite sufficient to reach that conclusion.

A single violation is enough to support the penalties levied, but further incidents bolster the conclusion. Resident 9, known for hoarding, secreted three prescription pills in her room and was once found alone inside the medication room. And Resident 14 checked himself out of the facility, was drunk when he returned, and was allowed to leave again while still in a drunken state. These incidents are further evidence that Hotel Reed was not providing adequate supervision to protect its residents from accidents.

## II.

To support the higher monetary penalties, there must be substantial evidence in the record to show that Hotel Reed's lack of supervision caused immediate jeopardy. "*Immediate jeopardy* means a situation in which the provider's noncompliance with one or more requirements of participation has caused, or is likely to cause, serious injury, harm, impairment, or death to a resident." 42 C.F.R. § 488.301.

The same evidence that shows inadequate supervision to prevent accidents is also sufficient to show immediate jeopardy. The accidents that could have befallen Resident 10 as she crossed the street and walked onto the pier––being hit by a car or falling into the water––would have likely caused serious injury or death. Similar concerns applied to Resident 14 when he left the facility while drunk. Resident 9 was found unsupervised in the medication room, where she had access to medications that, if taken improperly, likely could have caused se-

rious injury or death.

Hotel Reed's insistence that serious injury or death was only "possible," not "likely," is unconvincing. Hotel Reed does not point to any evidence providing information about the probability of serious injury or death to the residents in their conditions. The record contains sufficient evidence to support the agency's decision that accidents were likely in the situation and that serious injury or death would likely result from an accident.

AFFIRMED.