# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2015

Lyle W. Cayce
Clerk

JOE E. RUFFIN,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-163

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant sought Social Security disability benefits, claiming he was disabled. The Defendant-Appellee denied the benefits, the Magistrate Judge (MJ) recommended affirming the Defendant-Appellee's decision, and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60801

district court adopted the MJ's Report and Recommendation (R&R).   We affirm.

I.

Joe E. Ruffin was born on July 14, 1956, and was 55 years of age at the time of the Administrative Law Judge's (ALJ) decision.  He has an eleventh grade education.  His past relevant work experience is as a forklift operator, lubrication technician, auto parts salesperson, painter, and truck driver.  He alleges he became disabled on July 1, 2006, due to low back pain, hypertension, and diabetes.

Medical records indicated that Ruffin has complained of and been treated for low back pain since he was involved in a fork-lift accident in early 2006.[1]  Following the accident, he was diagnosed with lumbar spasms by his treating physician, who prescribed pain medications and referred him to physical therapy.  From 2007 to 2010, Ruffin was treated for his pain by receiving pain management injections and began chiropractic treatment.  On January 17, 2010, Ruffin went to the emergency room with complaints of chest pain and low back pain.  The diagnosis was elevated systolic blood pressure and low back pain, and he was discharged and prescribed pain medications.  Another chest pain episode occurred on February 18, 2011, for which he again visited the emergency room.  At that time, Ruffin told the physician that he had a myocardial infarction more than ten years earlier and a subsequent heart catheterization.  However, there was nothing in the medical records to corroborate this history.

A consultative examination was performed by Dr. Garth Murray on July 24, 2008.  At the exam, Ruffin weighed 250 pounds, and his blood pressure was 170/84.  Ruffin reported to Dr. Murray a history of myocardial infarction and

---

[1] All testimony of medical evidence was elicited during the ALJ's hearings.

chest pain.  Dr. Murray noted that Ruffin walked with a cane, had significant difficulty getting on and off the exam table, and could remain seated for only five minutes at a time.

On October 5, 2008, Dr. Louis Saddler, a non-examining consultant, performed an assessment of residual functional capacity.  Dr. Saddler opined that Ruffin could lift/carry 50 pounds occasionally and 25 pounds frequently, that he could sit/stand for six hours in an eight-hour day, and that he could perform unlimited push/pull activities, including the operation of hand and/or foot controls, with no other limitations.

Dr. Robert Tatum performed a consultative examination on May 8, 2010.  Ruffin weighed 250 pounds, and his blood pressure was 143/71.  Dr. Tatum noted that Ruffin walked slowly and with a limp, and that he had mild difficulty getting on and off the exam table, getting up from the chair, and getting undressed and dressed.  Ruffin reported to Dr. Tatum that he suffered episodes of chest pain approximately five to ten times per month, each episode lasting approximately ten to fifteen minutes. Dr. Tatum's notes state that Ruffin had had twelve visits to the emergency room during the previous 24 months.  Dr. Tatum's diagnosis was low back pain, bilateral leg pain (affecting Ruffin's ability to stand, bend, stoop, squat, lift, reach, and push/pull), a history of hypertension, a history of diabetes, and chest pains from coronary disease likely with a history of previous myocardial infarction.  Dr. Tatum opined that Ruffin could lift/carry less than ten pounds, could stand/walk for approximately two hours in an eight-hour day, could sit four hours (but only 45 minutes without interruption), could occasionally balance, stoop, crouch, kneel, reach, push, and pull, and should never work at heights or near moving machinery.  Dr. Tatum observed that Ruffin's chest pain should be evaluated before he engaged in any heavy exertional activity.

No. 14-60801

On October 13, 2010, Dr. Saddler gave an update of his own assessment, stating that Ruffin's impairments were not severe. At the supplemental hearing, Ruffin testified that he suffers from numbness in his right leg and back pain at a level of ten every day, although his medication gave him some relief. He also said that he suffered from lower abdominal pain as a result of an enlarged prostate. According to Ruffin, he would not be able to work at any job for forty hours a week because of his pain.

A vocational expert (VE) testified concerning the exertional requirements of Ruffin's past relevant jobs. According to the VE, Ruffin's past jobs of forklift operator, lubrication technician, and truck driver are classified as medium, whereas the job of auto parts salesperson is light work.

II.

Ruffin filed for disability insurance benefits and supplemental security income on January 22, 2008, and June 2, 2008, respectively, alleging an onset date of July 1, 2006. Ruffin's applications were denied initially and on reconsideration, and he requested and was granted a hearing before an administrative law judge (ALJ).

After the hearing, the ALJ determined that Ruffin has the severe impairment of mild facet anthropathy and the nonsevere impairments of hypertension, enlarged prostate, and diabetes, finding that Ruffin had the residual functional capacity to perform the full range of medium work. In making that determination, the ALJ gave significant weight to the initial assessment of Dr. Saddler and little weight to the opinion of Dr. Tatum. He gave no weight to Dr. Saddler's later statement that Ruffin had no severe impairment, stating that evidence submitted subsequent to that opinion showed additional treatment for back pain. Relying upon testimony of the VE, the ALJ determined that Ruffin could perform his past relevant work and was therefore not disabled.

No. 14-60801

Ruffin appealed, and the Appeals Council granted review and remanded for further proceedings.   Following a supplemental hearing, the ALJ issued a decision on February 17, 2012, again finding that Ruffin is not disabled.  The Appeals Council denied review, thereby making the decision of the ALJ the final decision of the Commissioner.   Ruffin then appealed to the Southern District of Mississippi.   The case was referred to an MJ, whose R&R recommended affirmance of the ALJ's decision.   Ruffin submitted several objections to the MJ's R&R, but the district court, in a detailed order, adopted the R&R and dismissed the action with prejudice.[2]

## III.

Our review of this appeal is limited to two issues: "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Morris v. Shalala,* 207 F.3d 744, 745 (5th Cir. 2000) (citing *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citations omitted); *see also* 42 U.S.C. § 405(g).

Appellant's claims hinge on the fourth inquiry in the disability analysis: whether the impairment prevents the claimant from doing past relevant work; if not, the claimant is not disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  We hold that the Commissioner's finding of not disabled due to Ruffin's ability to still perform his past relevant work is supported by substantial evidence, as the record contains objective medical evidence bolstering this conclusion.  *See Morris*, 207 F.3d at 745.

We AFFIRM.

---

[2] In addition to filing objections to the R&R, Ruffin filed a Motion for Judgment on the Pleadings, followed by Defendant-Appellee's filing of a Motion to Affirm the Decision of the Commissioner.  The district court's order adopting the R&R also denied Ruffin's motion but granted Defendant-Appellee's.